OPINION
Vicki D. Treciak appeals a judgment of the Court of Common Pleas of Licking County, Ohio, which dismissed her administrative appeal, finding the court lacked jurisdiction over the cause. Appellant assigns a single error to the trial court:
ASSIGNMENT OF ERROR
 I. THE COURT OF COMMON PLEAS ERRED BY DISMISSING APPELLANT'S APPEAL BECAUSE LICKING COUNTY HAS JURISDICTION OVER THE INSTANT CASE.
The record indicates appellant was a career State Civil Service employee, who was notified that after 15 years of classified service her position as Labor Relations Officer III, was being made unclassified. She first learned of this in May of 1992, and attempted to appeal her change of status to the Personnel Board of Review. The Personnel Board of Review rejected the appeal, holding appellant could not appeal her change of status until she had suffered an adverse personnel action. On November 24, 1992, appellant suffered an adverse personnel action when she was terminated from her employment with appellee Department of Commerce. That same day, appellant filed a notice of appeal to the Personnel Board of Review. Ultimately, appellant was unsuccessful in the administrative process, and appealed the matter to the Licking County Court of Common Pleas on March 4, 1994. The common pleas court issued its decision affirming the Personnel Board of Review's decision, and the matter proceeded to this court.
In Treciak v. Ohio Department of Commerce (March 24, 1995), Licking Appellate #CA00085, unreported, this court found appellant was entitled to exercise layoff and bumping rights This court reversed and remanded the action to the State Personnel Board of Review for the limited purpose of determining appellant's layoff and bumping rights. The Supreme Court refused to review our decision.
On remand, appellee filed a motion to dismiss before the Personnel Board of Review, arguing the Board had no jurisdiction to hear appellant's appeal. The Board eventually dismissed the matter. Appellant filed dual notices of appeal in the Licking County Court of Common Pleas and the Franklin County Court of Common Pleas, and the Licking County Court of Common Pleas found it had no jurisdiction over the matter.
The Licking County Court of Common Pleas held R.C. 119.12
applies to this matter rather than R.C. 124.34. R.C. 124.34
applies to actions for removal or reduction in pay and permits an appellant to file in his or her home county. R.C. 119.12 applies to persons adversely affected by other orders of an agency, and provide for appeal to the Court of Common Pleas of Franklin County.
We find the issue of which statute applies to appellant's action has already been determined by this court in our previous opinion, entered in 1995. Further, our decision remanded the matter to the Board with specific instructions on how to proceed further. It is not for either the Personnel Board of Review or the court of common pleas to reverse our decision and find we applied the incorrect statute. Only the Supreme Court may overrule our decision, and the Supreme Court declined to do so.
We find Treciak v. Ohio Department of Commerce (March 24, 1995), Licking App. # CA00085, unreported, is the law of the case, and lower courts and administrative bodies are bound by our judgment therein.
The assignment of error is sustained.
For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is reversed, and the cause is remanded once again to the Personnel Board of Review with instructions to comply with our earlier remand to determine appellant's bumping and layoff rights.
By Gwin, J., Farmer, P.J., and Hoffman, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio, is reversed, and the cause is remanded to the State Personnel Board of Review with instructions to carry out our earlier remand in determining appellant's layoff and bumping rights. Costs to appellee.